IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

DR. BENNY O. IKO, Personal Representative of the Estate of IFEANYI A. IKO, LOREEN JONES, as Parent and Next Friend of her minor son, BENNY IKO, CHRISTINE IKO, "To The Use Of LEWECHI IJEOMA IKO", and "To The Use Of NDUKWE AMYIM IKO",

Plaintiffs,

v.

JON P. GALLEY, LT. JAMES SHREVE, BRIAN CLISE, LYN DETRICK, JASON HARBAUGH, MARK RALEY, ADAM WHITACRE, RUSSELL SUDER, MICHAEL JACOBS, PAUL F. DEFFIBAUGH, ALLAN HALL, ROBERT TICHNELL,

and

RUSSELL ZANG, CORRECTIONAL LIEUTENANT
WESTERN CORRECTIONAL INSTITUTION
13800 McMullen Highway
Cumberland, MD 21502,

and

LOUISE GORDON, CHIEF OF SECURITY
WESTERN CORRECTIONAL INSTITUTION
13800 McMullen Highway
Cumberland, MD 21502,

Defendants.

Civil Action No. DKC-04-3731

## SECOND AMENDED COMPLAINT

Plaintiffs Dr. Benny O. Iko, Personal Representative of the Estate of Ifeanyi A. Iko, Loreen Jones, as Parent and Next Friend of her minor son, Benny Iko, and Christine Iko, by and through their attorneys, Gary C. Adler and the law firm of O'Connor & Hannan, LLP, bring this action against Defendant Jon P. Galley, Warden of the Western Correctional Institution ("WCI"), Defendant Louise Gordon, Chief of Security at WCI, and certain Correctional Officers to redress Ifeanyi A. Iko's wrongful death in their custody and the accompanying deprivation of his civil

rights under the United States and Maryland Constitutions. In support thereof, Plaintiffs state as follows:

## Parties

1. Ifeanyi A. Iko ("Decedent") was a resident of Montgomery County, Maryland. He was incarcerated at WCI at the time of his death.

2. Plaintiff Dr. Benny O. Iko is the brother of the Decedent and has been appointed the Personal Representative of the Estate of Ifeanyi A. Iko by the Montgomery County Circuit Court.

3. Christine Iko is the adult daughter of the Decedent and a wrongful death beneficiary pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 3-901, *et seq.* She is a resident of Laurel, Maryland.

4. Benny Iko is the minor son of the Decedent and Decedent's ex-wife Loreen Jones. Benny Iko is a wrongful death beneficiary pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 3-901, *et seq.*, whose claim is being brought through Loreen Jones, as Parent and Next Friend of Benny Iko. He is a resident of Laurel, Maryland.

5. Lewechi Ijeoma Iko is the mother of the Decedent. This action is being filed "to the use of" Ms. Iko and notice is being provided to her pursuant to Maryland Rule 15-1001.

6. Ndukwe Amyim Iko is the adult son of Decedent who lives in Nigeria. This action is being filed "to the use of" Ndukwe Amyim Iko and notice is being provided to him pursuant to Maryland Rule 15-1001.

7. Defendant James Shreve was a Correctional Lieutenant at WCI. Defendant Shreve was involved in, supervised and oversaw many of the events leading up to and following Decedent's homicide on April 30, 2004.

8.      Defendant Louise Gordon is the Chief of Security at WCI. Defendant Gordon was involved in, supervised and authorized many of the events leading up to and following Decedent's homicide on April 30 2004.

9.      Defendants Brian Clise, Lyn Detrick, Jason Harbaugh, Mark Raley, Adam Whitacre, Sergeant Russell Suder, Lieutenant Michael Jacobs, Paul F. Defibaugh, Sergeant Allan Hall, Captain Robert Tichnell, and Lieutenant Russell Zang are those correctional officers at WCI who were involved in or responsible for detaining, restraining, transporting, handling, supervising, or overseeing Decedent as to the events leading up to and following his homicide on April 30, 2004. Defendant Shreve, Defendant Gordon, and the aforementioned Defendants will be collectively referred to as the "C.O. Defendants."

10.     Defendant Jon P. Galley is the Warden of WCI and was responsible for the supervision of the C.O. Defendants.

### Jurisdiction and Venue

11.     Based on Plaintiffs' claims under 42 U.S.C. § 1983, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1343(a)(4). This Court has pendent and supplemental jurisdiction over the non-federal claims set forth herein.

12.     Venue exists in this Court pursuant to 28 U.S.C. § 1391.

### Facts

13.     WCI is a medium security prison operated by the State of Maryland in Cumberland, Maryland.

14.     Decedent was the victim of a homicide on April 30, 2004 while he was incarcerated at WCI. The State of Maryland Medical Examiner has determined that Decedent died of asphyxiation and ruled his death a homicide. The autopsy report issued by the Medical

Examiner ruled that Decedent died of asphyxiation "caused by chemical irritation of the airways by pepper spray, facial mask placement" and the manner in which Decedent was restrained.

15. On the date of his death, Decedent was the subject of a cell extraction, which is the forcible removal of an inmate from a cell by multiple correctional officers wearing protective gear. A videotape of the extraction was taken and exists.

16. During the extraction, at least two of the C.O. Defendants sprayed three cans of pepper spray into Decedent's cell. This amount was far in excess of what was reasonable and necessary and exceeded the maximum amount allowed by applicable rules and regulations.

17. Decedent was the victim of excessive force during the cell extraction.

18. After the pepper spray was used, one or more of the C.O. Defendants, including Defendant Shreve, applied metal handcuffs and shackles and placed a hood-like mask over Decedent's head with the cloth part of the mask wrapped around Decedent's mouth and nose, further restricting his ability to breathe. The mask was incorrectly applied and improperly used.

19. According to applicable rules and regulations, Decedent was supposed to receive adequate medical attention as quickly as possible after he was restrained including, but not limited to, the washing of his face of the pepper spray and removal of the mask. No medical assessment was made, no treatment was provided and the mask remained in place.

20. Decedent, handcuffed behind his back with his feet shackled and his head and face still covered with a cloth mask, was transported via a wheelchair from the segregation cellblock to a special observation housing unit. Decedent was placed on the floor of a cell in the special observation housing unit on his stomach with his hands still handcuffed behind his back and his feet shackled. While Decedent was in this position, one or more of the C.O. Defendants placed their knees and weight on Decedent's back, legs and arms while the C.O. Defendants tried

to locate plastic flex cuffs to replace the metal handcuffs. The C.O. Defendants did not have flex cuffs with them and had to wait for approximately five minutes before a pair was located, during which time the knees and weight of one or more of the C.O. Defendants remained on Decedent. After the flex cuffs were put in place, Decedent was left lying on the floor on his stomach, handcuffed behind the back and with the mask still around his face. He did not move from that position on the floor from the time he was placed in the special observation housing unit cell (approximately 3:00 p.m.) until his body was discovered cold and without a pulse by Correctional Officers at approximately 4:30 p.m.

21.    Upon Decedent's transportation to the special observation housing unit, Decedent was to be monitored on a continuing basis, at least every fifteen minutes. This was not done.

22.    During Decedent's presence in the special observation housing unit, one or more of the C.O. Defendants, including Defendant Jacobs and Defendant Tichnell, prevented medical personnel who wanted to check on Decedent from attending to him. Indeed, it was stated that as long as Decedent was breathing, no one was going into the cell.

23.    At 4:37 p.m. on April 30, 2004, prison officials summoned an ambulance to WCI asserting that Decedent was in cardiac arrest.

24.    The ambulance arrived within minutes and immediately upon leaving the prison grounds, a paramedic reported signs of rigor mortis in Decedent and sought and received a doctor's permission to cease life saving efforts as Decedent was being transported to a local hospital. Upon information and belief, Decedent was dead while inside WCI prior to his body being removed by the paramedics.

25. Upon information and belief, Defendant Galley and one or more of the C.O. Defendants engaged in a cover up of the killing of Decedent. Further, none of the rules and regulations applicable to the circumstances were followed.

26. The applicable rules and procedures for notifying next of kin were also disregarded. Indeed, the Iko family first learned of Decedent's death through a call from a reporter for the Baltimore Sun approximately two weeks after Decedent was killed.

27. The assault, battery and homicide of Decedent by the C.O. Defendants was unjustified, was done in violation of applicable statutes, rules, and regulations governing the use of lethal force by WCI Correctional Officers and constituted an objectively unreasonable and illegal use of deadly force.

28. The assault, battery and homicide of Decedent by the C.O. Defendants constituted deliberate and willful conduct, without legal justification or excuse, with evil and rancorous motive, and with deliberate intent to injure Decedent.

29. Defendant Galley and Defendant Gordon coordinated, supervised, approved and ratified the actions which led to the assault, battery and homicide of Decedent, and permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of physical force and depriving persons of needed medical care by the C.O. Defendants and other correctional officers, including the following:

(a) failed to discipline or prosecute in any meaningful manner Correctional Officers involved in incidents of brutality;

(b) failed to conduct legitimate investigations of previous incidents involving acts constituting assault and battery, or other acts of violence committed by WCI Correctional Officers;

(c) by means of investigative and administrative inaction, encouraged Correctional Officers to believe that misconduct, including assault, battery and other acts of brutality, were permissible and would not be punished;

(d) failed to properly evaluate and determine the competency of C.O. Defendants as Correctional Officers;

(e) failed to properly investigate incidents in which persons detained were denied life-saving medical treatment;

(f) failed to properly train Correctional Officers concerning proper detention procedures, including when physical force may reasonably used; and

(g) not disciplining Correctional Officers that committed violent crimes against persons or wrongfully deprived persons of necessary medical care.

## COUNT I

## (42 U.S.C. § 1983)

30. The facts alleged in paragraphs 1 through 29 are incorporated by reference as if fully alleged herein.

31. The acts of the Defendants constituted conduct under color of state law which deprived Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States.

32. As a direct and proximate result of the conduct alleged herein, the Defendants deprived the Decedent of the following clearly established rights under the Eighth and Fourteenth Amendments of the United States Constitution, more specifically: (a) the right to be free from the use of excessive and unreasonable force and seizure; (b) the right to be free from a deprivation of life and liberty without due process of law; (c) the right to be free from cruel and unusual punishment; and (d) the right to be free from deliberate indifference for medical need.

33. As a direct and proximate result of the Defendants' violations of the Constitutional rights of Decedent, which resulted in his death, Plaintiffs Christine Iko and Benny Iko, as the children of Decedent, suffered damages including pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services and guidance. Plaintiff Dr. Benny O. Iko, as Personal Representative of the Estate of Ifeanyi A. Iko, claims as damages pecuniary loss including medical expenses, funeral expenses and lost earnings, as well as non-economic damages including conscious pain and mental anguish suffered by the Decedent prior to his death and loss of enjoyment of life as a result of his death.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs Fourteen Million Dollars ($14,000,000.00) as compensatory damages, punitive damages of Fourteen Million Dollars ($14,000,000.00), and such other relief which the Court deems appropriate including costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, against Defendants, jointly and severally.

## COUNT II
### (Maryland Constitution)

34. The facts alleged in paragraphs 1 through 33 are incorporated by reference as if fully alleged herein.

35. The acts of the Defendants alleged herein constituted violations of rights guaranteed to Decedent under Articles 24 and 25 of the Constitution of the State of Maryland.

36. As a direct and proximate result of the conduct alleged herein, the Defendants deprived the decedent of rights that were clearly established under the Maryland Constitution.

37. As a direct and proximate result of Defendants' violations of the rights of Decedent created by the Maryland Constitution, which resulted in his death, Plaintiffs Christine

Iko and Benny Iko, as the children of Decedent, suffered damages including pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services and guidance. Plaintiff Dr. Benny O. Iko, as Personal Representative of the Estate of Ifeanyi A. Iko, claims as damages pecuniary loss including medical expenses, funeral expenses and lost earnings, as well as non-economic damages including conscious pain and mental anguish suffered by the decedent prior to his death and loss of enjoyment of life as a result of his death.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs Fourteen Million Dollars ($14,000,000.00) as compensatory damages, punitive damages of Fourteen Million Dollars ($14,000,000.00), and such other relief which the Court deems appropriate including costs and reasonable attorneys' fees against Defendants, jointly and severally.

## COUNT III
### (Assault and Battery)

38. The facts alleged in paragraphs 1 through 37 are incorporated by reference as if fully alleged herein.

39. The C.O. Defendants intentionally and unlawfully threatened Decedent with physical harm and violence against his person. It appeared to Decedent that the C.O. Defendants had the ability to carry out the threats of violence against him. As a result, Decedent was placed in imminent fear of harm by C.O. Defendants.

40. The C.O. Defendants committed unlawful acts of violence against Decedent including, but not limited to, using excessive chemical agents, intentionally and unlawfully beating Decedent, placing a mask on his face and using excessive force to restrain and transport him. There was no provocation of the C.O. Defendants by Decedent at the time of the cell extraction.

41. These acts committed against Decedent caused Decedent to sustain grievous bodily injury that resulted in his experiencing severe physical and mental pain, and eventually his death. Said acts against Decedent constituted an unlawful assault and battery.

42. As a direct and proximate result of C.O. Defendants' conduct, which constituted an assault and battery and resulted in his death, Plaintiff Dr. Benny O. Iko, as Personal Representative of the Estate of Ifeanyi A. Iko, claims as damages pecuniary loss including medical expenses, funeral expenses and lost earnings, as well as non-economic damages including conscious pain and mental anguish suffered by the Decedent prior to his death and loss of enjoyment of life as a result of his death.

WHEREFORE, Plaintiff Dr. Benny O. Iko prays that this Court award Plaintiffs Fourteen Million Dollars ($14,000,000.00) as compensatory damages, punitive damages of Fourteen Million Dollars ($14,000,000.00), and such other relief which the Court deems appropriate including costs and reasonable attorneys' fees against the C.O. Defendants, jointly and severally.

## COUNT IV
### (Intentional Infliction of Emotional Distress)

43. The facts alleged in paragraphs 1 through 42 are incorporated by reference as if fully alleged herein.

44. The C.O. Defendants intentionally, unlawfully and recklessly assaulted and battered Decedent including threatening Decedent with physical violence and beating him. Thereafter, C.O. Defendants intentionally and recklessly deprived Decedent of medical assistance when he was in urgent need of medical attention.

45. The conduct of the C.O. Defendants was at all times extreme and outrageous. As a result of this conduct, Decedent suffered extreme and severe emotional distress.

46.  As a direct and proximate result of C.O. Defendants' tortious conduct, Plaintiff Dr. Benny O. Iko, as Personal Representative of the Estate of Ifeanyi A. Iko, claims as damages pecuniary loss including medical expenses, funeral expenses and lost earnings, as well as non-economic damages including conscious pain and mental anguish suffered by the Decedent prior to his death and loss of enjoyment of life as a result of his death.

WHEREFORE, Plaintiff Dr. Benny O Iko prays that this Court award Plaintiffs Fourteen Million Dollars ($14,000,000.00) as compensatory damages, punitive damages of Fourteen Million Dollars ($14,000,000.00), and such other relief which the Court deems appropriate including costs and reasonable attorneys' fees against the C.O. Defendants, jointly and severally.

## COUNT V
### (Wrongful Death)

47.  The facts alleged in paragraphs 1 through 46 are incorporated by reference as if fully alleged herein.

48.  The acts of the Defendants alleged herein wrongfully caused the death of Decedent.

49.  As a direct and proximate result of the wrongful death of Decedent, Plaintiffs Christine Iko and Benny Iko, as the children of Decedent, suffered damages including pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services and guidance.

WHEREFORE, Plaintiffs Christine Iko and Benny Iko, by and through his Parent and Next Friend, Loreen Jones, as the children of Decedent, pray that this court award them Fourteen Million Dollars ($14,000,000.00) as compensatory damages, punitive damages of Fourteen

Million Dollars ($14,000,000.00), and such other relief which the Court deems appropriate including costs and reasonable attorneys' fees against Defendants, jointly and severally.

## COUNT VI

### (Survival Action)

50. The facts alleged in paragraphs 1 through 49 are incorporated by reference as if fully alleged herein.

51. The acts of Defendants alleged herein wrongfully caused the death of Decedent.

52. As a direct and proximate result of the death of Decedent, the Estate of Ifeanyi A. Iko claims as damages pecuniary loss including medical expenses, funeral expenses and lost earnings, as well as non-economic damages including conscious pain and mental anguish suffered by the Decedent prior to his death and loss of enjoyment of life as a result of his death.

WHEREFORE, Plaintiff Dr. Benny O. Iko, as Personal Representative of the Estate of Ifeanyi A. Iko, prays that this Court award him Fourteen Million Dollars ($14,000,000.00) as compensatory damages, punitive damages of Fourteen Million Dollars ($14,000,000.00), and such other relief which the Court deems appropriate including costs and reasonable attorneys' fees against Defendants, jointly and severally.

## COUNT VII

### (Gross Negligence)

53. The facts alleged in paragraphs 1 through 52 are incorporated by reference as if fully alleged herein.

54. Defendants owed the Decedent a duty to exercise reasonable care not to act in a manner that unreasonably threatened the health and safety of Decedent, including refraining from causing him serious physical harm, insuring that he received prompt medical care and treatment as needed.

12

55.  Defendants breached their duty of care and were grossly negligent by, *inter alia*, recklessly and negligently: (a) using excessive, brutal and unjustified physical force against Decedent; (b) failing to provide Decedent with medical attention when it was urgently needed; and (c) otherwise recklessly and/or intentionally causing Decedent to sustain injury that resulted in his death.

56.  Defendants' actions, and failure to act, were intentional, willful, with reckless and wanton disregard for human life, demonstrated indifference to the life of Decedent, and were malicious.

57.  Defendants' acts and failure to act caused Decedent to sustain grievous bodily injury including physical and mental pain, and eventually his death.

58.  As a direct and proximate result of Defendants' gross negligence, Plaintiffs Christine Iko and Benny Iko, as the children of Decedent, suffered damages including pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services and guidance. Plaintiff Dr. Benny O. Iko as Personal Representative of the Estate of Ifeanyi A. Iko, claims as damages pecuniary loss including medical expenses, funeral expenses and lost earnings, as well as non-economic damages including conscious pain and mental anguish suffered by the Decedent prior to his death and loss of enjoyment of life as a result of his death.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs Fourteen Million Dollars ($14,000,000.00) as compensatory damages, punitive damages of Fourteen Million Dollars ($14,000,000.00), and such other relief which the Court deems appropriate including costs and reasonable attorneys' fees against Defendants, jointly and severally.

## REQUEST FOR A JURY TRIAL

Plaintiffs hereby request that their case be tried before a jury as to any issue so triable.

DATED: July 18, 2006                    Respectfully submitted,

_____/s/_____
Gary C. Adler (Bar No. 05159)
Paul L. Knight (Bar No. 16360)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, DC 20006
Telephone: (202) 887-1400
Facsimile: (202) 466-3215

*Attorneys for Plaintiffs*