IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JASON HARBAUGH, et al.,

                   Appellants,

v.                                   CASE NO. 07-7569

BENNY O. IKO, et al.,

                   Appellees.

## APPELLEES' MOTION TO DISMISS APPEAL

Appellees Benny O. Iko, Loreen Jones, and Christine Iko ("Appellees"), by and through counsel, move to dismiss the appeal of Appellants James Shreve, Jason Harbaugh, Mark Raly, Adam Whitacre, Lyn Detrick, Brian Clise and Russell Suder ("Defendants"), on the grounds that this Court does not have jurisdiction to entertain an appeal from the September 17, 2007 Order ("9/17/07 Order") of the United States District Court for the District of Maryland denying, in part, Defendants' motion for summary judgment.

This motion must be granted because the 9/17/07 Order is not a final order and the exception for appeals of interim orders that deny summary judgment as to the existence of qualified immunity does not apply. In accordance with *Johnson v. Jones*, 515 U.S. 304 (1995), jurisdiction over an appeal of the Order does not lie because the denial summary judgment did not turn on a question of law. Rather, the Order is clear that the denial was because the pretrial record sets forth genuine issues of fact for trial.

I.   **FACTS**[1]

Defendants' appeal the 9/17/07 Order of the District Court denying Defendants' summary judgment on the basis of qualified immunity.[2] The facts are fully set forth in the District Court's Memorandum Opinion accompanying the 9/17/07 Order and are briefly summarized below.

This action arises out of the death of Ifeanyi A. Iko (the "Decedent") on April 30, 2004, at the Western Correctional Institution in Cumberland, Maryland, after Decedent was forcibly removed from a prison cell by Defendants. On that date, prison officials sought to move Decedent to Special Observation Housing ("SOH"). This move was accomplished through a "cell extraction" because prison officials determined that Decedent would not cooperate with the move. Despite the fact that Decedent was lying passively on the floor of his cell, Defendant Shreve initially administered two applications of pepper spray on Decedent. When Decedent attempted to comply with Defendants' order to "cuff up" by presenting his hands while facing forward rather than from behind his back, more pepper spray was administered directly on Decedent. All told, five applications of pepper spray were administered on Decedent during the cell extraction, and at all times Decedent appeared passive and non-confrontational.

Prior to being removed from the cell Decedent was secured in metal handcuffs behind his back, his legs in shackles, and a spit mask was placed over his head. Decedent was taken to the

---

[1] The following facts are derived from the Memorandum Opinion of the District Court accompanying the 9/17/07 Order. In that the issue for purposes of this Motion relates to the basis of the District Court's decision, Appellees will limit their discussion to the text of the Order and will accept the District Court's recitation of facts as true.

[2] The 9/17/07 Order denied in part, and granted in part, Defendants' Motion for Summary Judgment. Appellees' right to appeal that portion of the Order granting partial summary judgment ripens only after the District Court issues a final decision. Thus, denial of the present Motion will lead to piecemeal appellate review.

2

Housing Unit 4 medical room for examination by the health care staff and, despite regulations requiring Decedent to be decontaminated after the applications of the pepper spray, Defendants neither decontaminated Decedent, nor removed the spit mask to examine him. At one point while in the medical room, Decedent collapsed forward.

Once he arrived at SOH, Decedent was placed on his stomach in a holding cell with the extraction team holding him down, for approximately ten minutes, with various degrees of pressure applied to Decedent's head, neck, shoulders, stomach, waist, and legs while flex-cuffs were located and being retrieved from another area of the prison. This delay was caused by the failure to have flex-cuffs on hand. Decedent's metal handcuffs were then replaced with the flex-cuffs and the extraction team left the holding cell, leaving Decedent on his stomach, with his arms restrained behind his back and the spit mask still over his face.

After a period of time, a correction officer entered the SOH cell. Upon removing the spit mask from Decedent, the officer observed that Decedent's right eye was protruding, his tongue was at the top of his mouth, and he was cold and rigid to the touch. Emergency medical personnel were unable to resuscitate Decedent. The medical examiner found that Decedent died of asphyxia caused by the chemical irritation of the airways by pepper spray, facial mask placement, compression, and positional mechanism.

The executor of Decedent's estate, along with this next of kin, initiated this action on November 22, 2004, by filing a complaint alleging federal civil rights violations, Maryland state constitutional violations, and state torts including assault and battery, intentional infliction of emotional distress and gross negligence. On January 22, 2007, Defendants filed a motion for summary judgment, asserting among other things that they were entitled to judgment on the basis of qualified immunity. On September 17, 2007, the District Court entered the Order granting in

3

part Defendants' Motion for Summary Judgment, and denying it in part.[3] Specifically relevant to this appeal, the District Court denied Defendants' Motion for Summary Judgment for violations of 42 U.S.C. § 1983 in Count I and Maryland constitutional violations charged in Count II with respect to (a) the use of the pepper spray by Defendant James Shreve, (b) the pressure hold at SOH, (c) the deliberate indifference of Shreve, and Defendants Jason Harbaugh, Mark Raley, Adam Whitacre, Lyn Detrick, Brian Clise, and Russell Suder to decedent Iko's medical needs following the cell extraction at housing Unit 4, and (d) Shreve's liability as a supervisor. Summary judgment was also denied to the above-identified appellants on Count III for assault and battery with respect to the pepper spray by Shreve and the pressure hold; on Count IV for intentional infliction of emotional distress; and on Count VII for gross negligence with respect to the use of the pepper spray, the pressure hold in SOH, and deprivation of medical attention immediately following the cell extraction. Defendants' appeal the Order solely on this basis.

## II.   ARGUMENT

Jurisdiction to hear appeals is conferred upon appellate courts through 28 U.S.C. § 1291. This statute permits appellate courts to hear appeals only from "final decisions" of district courts. 28 U.S.C. § 1291. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Notwithstanding this general rule, the Supreme Court has held that certain collateral orders are "final decisions" in accordance with 28 U.S.C. § 1291, despite the fact that the court has entered such orders before the end of the case. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). Specifically, a collateral order is a "final decision" within the meaning of 28 U.S.C. § 1291 where the district court's decisions are conclusive, resolve

---

[3] The Court granted summary judgment in favor of Defendants Jon P. Galley, Louise Gordon, Allan Hall, Michael Jacobs, Robert Tichnell, and Russell Zang.

important questions completely separate from the merits, and would render such important questions effectively unreviewable on appeal from final judgment in the underlying action. *Id.* These conditions are "stringent." *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 869 (1994), citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989).

In *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the Supreme Court held that a district court's order denying a defendant public official's motion for summary judgment based on the defense of "qualified immunity" was an immediately appealable "collateral order" to the "extent it turned on a question of law." The Supreme Court clarified this ruling in *Johnson v. Jones*, 515 U.S. 304, 320-21 (1995), holding that, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."[4]

In limiting the jurisdiction of appellate courts to hear appeals on the issue of qualified immunity, the Court found that *Mitchell* provided no precedent for an extension of its rule to a fact-based qualified immunity dispute, stating:

> The opinion, for example, referred specifically to a district court's "denial of a claim of qualified immunity, *to the extent that it turns on an issue of law.*" 472 U.S., at 530, 105 S.Ct., at 2817 (emphasis added). It "emphasize[d] ... that the appealable issue is a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law." *Id.* at 528, n. 9, 105 S.Ct., at 2817, n. 9. It distinguished precedent not permitting interlocutory appeals on the ground that "a qualified immunity ruling ... is ... a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case." *Id.* at 530, n. 10,

---

[4] In *Johnson*, the plaintiff brought suit against five police officers, claiming that they had used excessive force in arresting him. The District Court denied a motion for summary judgment based on qualified immunity, finding that there were issues of material fact sufficient to defend summary judgment. The Seventh Circuit affirmed. The Supreme Court granted *certiorari* and held that there is no appellate jurisdiction where the denial of summary judgment was based on grounds that there were genuine issues of material fact.

> 105 S.Ct., at 2817, n. 10. And, it explained its separability holding by saying that "[a]n appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts." *Id.* at 528, 105 S.Ct., at 2816. Although there is some language in the opinion that sounds as if it might imply the contrary, it does not do so when read in context. See, *e.g., id.* at 526, 105 S.Ct., at 2815 (referring to defendant's entitlement to summary judgment, not to appealabilty, by saying that "defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue.").
>
> \* \* \*
>
> Where, however, a defendant simply wants to appeal a district court's determination that the evidence is sufficient to permit a particular finding of fact after trial, it will often prove difficult to find any such "separate" question-one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits. [citations omitted]

*Jones*, 515 U.S. at 313-314.

The Court further concluded that fact-related qualified immunity disputes involve issues not "significantly different from the fact-related issues that likely underlie plaintiff's claim on the merits," thus failing to meet the separability requirement espoused in *Cohen*. *Jones*, 515 U.S. at 314. Lastly, the Court found that "an interlocutory appeal concerning this kind of issue in a sense makes unwise use of appellate courts' time, by forcing them to decide in the context of a less developed record, and issue very similar to one they may well decide anyway later, on a record that may permit a better decision." *Jones*, 515 U.S. at 317.

The limitation on the jurisdiction of an appellate court over denial of qualified immunity espoused by *Jones* has been specifically followed by the United States Court of Appeals for the Fourth Circuit. In *Buonocore v. Harris*, 65 F.3d 347 (4th Cir. 1995), the court dismissed an appeal of a collateral order entered by the district court denying the defendants' motion for summary judgment on qualified immunity grounds. The district found there was a material factual dispute preventing the grant of summary judgment in favor of the defendants, reasoning

6

that there was a triable issue of fact as to the reasonableness of the defendants' actions. *Buonocore*, 65 F.3d at 359. Relying on *Jones*, the court dismissed the appeal, stating:

> In sum, *Jones* unequivocally holds that an order denying summary judgment on qualified immunity grounds insofar as it determines whether the "pretrial record sets forth a 'genuine' issue of fact" is not immediately appealable. For this reason, we must dismiss the appeals. (citations omitted)

*Buonocore*, 65 F.3d at 361. *See also, Finelli v. Tabb*, 67 F.3d 67 (4th Cir. 1995) (denial of qualified immunity based on determination that genuine issue of material fact existed for trial is not immediately appealable).

These settled principles mandate the dismissal of the instant appeal for want of jurisdiction. Here Defendants are arguing disputed facts in even lodging their appeal.[5] Indeed, in denying the Defendants' motion for summary on the basis of qualified immunity, the District Court essentially found that triable issues of fact precluded summary judgment in favor of the Defendants' on this basis. In particular, the District Court denied summary judgment to Defendants on the basis of qualified immunity for violations of 42 U.S.C. § 1983 with respect to (a) the use of the pepper spray by Defendant James Shreve, (b) the pressure hold at SOH, (c) the deliberate indifference of Shreve, and Defendants Jason Harbaugh, Mark Raley, Adam Whitacre, Lyn Detrick, Brian Clise, and Russell Suder to decedent Iko's medical needs following the cell extraction at housing Unit 4, and (d) Shreve's liability as a supervisor; assault and battery with respect to the pepper spray by Shreve and the pressure hold; intentional infliction of emotional distress; and gross negligence with respect to the use of the pepper spray, the pressure hold in SOH, and deprivation of medical attention immediately following the cell extraction. In each

---

[5] For example, Defendants claim that Decedent was an extremely violent inmate whereas Appellees contend he was at all times passive, and even compliant, when being sprayed with pepper spray; Defendants assert that a nurse determined that an inmate declined medical care when Appellees contend no such declination ever occurred and the rules required medical care.

instance, the District Court found that genuine issues of fact precluded the grant of summary judgment to Defendants, essentially finding that Plaintiffs presented enough evidence to prove that Defendants were not entitled to summary judgment on the basis of qualified immunity.

The District Court denied Defendants' summary judgment motion based on a qualified immunity defense as the result of fact-related disputes, that portion of the Order is not a final decision and this Court does not have jurisdiction over this appeal. For example, with regard to the application of pressure at SOH, the District Court described all the varying testimonies as to the effect of such pressure: "On this record, it is not possible to determine as a matter of law whether the Defendants inflicted unnecessary and wanton pain and suffering. *Whitley*, 475 U.S. at 320." Memorandum Opinion at 35. The Court shortly thereafter added: "Given the conflicting inferences on the record, summary judgment will be denied on this aspect of Plaintiff's claim." *Id.* at 36.

Similarly, with regard to Defendant Shreve's use of pepper spray, the District Court denied summary judgment based on disputed facts. The District Court concluded, "[t]hus, the facts taken in the light most favorable to Plaintiffs could support a finding that Defendant Shreve violated Decedent's constitutional right." *Id.* at 28. Subsequently, at page 60 of the Memorandum Opinion, the District Court added:

> The court explained above that there is a genuine issue of fact whether Shreve's use of pepper spray was wanton or unnecessary. Thus, there is a genuine issue of fact as to whether Shreve or the others acted with wanton or reckless disregard for the safety of Decedent, *i.e.*, whether he acted with gross negligence. Defendants have not established that they are entitled to governmental immunity on the assault claim as it relates to his use of pepper or the hold in SOH.

*Id.* at 60-61.

The District Court made similar fact-based conclusions with regard to Counts IV and VI. As to Count IV, the District Court judge wrote "Taking the facts in the light most favorable to Plaintiffs, as we must, ...." *Id.* at 63. Similarly, as to Count VII, gross negligence, the Court wrote:

> As the preceding discussion illustrates, there are questions of fact as to whether Defendants breached their duty to protect Decedent. Summary judgment will be denied on Count VII.

*Id.* at 64.

This Order is precisely of the nature that the Supreme Court has determined to be unreviewable as an interlocutory order. Certainly, each of the principles established by *Jones* is present in this case. First, the relevant Order in this case does not fall within the precedent of *Mitchell*, as the denial of qualified immunity did not turn on an issue law, but rather, upon findings that triable issues of fact precluded summary judgment. Second, the fact-related qualified immunity issues are not separable from the underlying merits of the case. Finally, the exercise of jurisdiction by the appellate court will force this Court to decide issues which it will be faced with again after the trial on the merits. It is clear that Defendants qualified immunity defense only applies to the claims brought under 42 U.S.C. § 1981. As the District Court correctly noted: "Unlike in a § 1983 action and unlike in an action for some common law torts, neither the local government official nor a local governmental entity has available any governmental immunity in an action based on rights protected by the State Constitution" Memorandum Opinion at 59 *citing DiPino v. Davis*, 354 Md. 18, 51 (1999) (*quoting Clea v. City of Balt.*, 312 Md. 662, 669-71 (1988). Thus, allowing this appeal will not serve the purpose of

avoiding a trial against Defendants. Rather, it will only force this Court to duplicate its efforts in dealing with fragmented appeals.[6]

Because the District Court's denial of summary judgment on the basis of qualified immunity is not an appealable collateral order, this Court should dismiss the appeal of Defendants for want of jurisdiction.

### III.  CONCLUSION

Based on the foregoing reasons, Appellees respectfully request that this Court dismiss Defendants' appeal for want of jurisdiction.

Dated:  November 13, 2007                    Respectfully submitted,

*[signature]*

Paul L. Knight (Bar No. 10360)
O'CONNOR & HANNAN, LLP
1666 K Street, N.W., Suite 500
Washington, DC  20006
Telephone: (202) 887-1400
Facsimile:  (202) 466-3215

Gary C. Adler (Bar No. 05159)
ROETZEL & ANDRESS, LPA
1025 Connecticut Avenue, N.W., Suite 220
Washington, DC 20036
Telephone: (202) 625-0600
Facsimile:  (202) 338-6340

---

[6] Appellees recognize the Supreme Court's decision in *Behrens v. Pelletier*, 516 U.S. 299 (1996) indicates that the existence of other claims that will go to trial regardless of qualified immunity does not preclude an interlocutory appeal. However, the Court can consider if the facts to be tried are not significantly different than fact-related issues that will be tried. *Jones*, 515 U.S. at 314.

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, true copies of *Appellees' Motion to Dismiss Appeal, Appearance of Counsel Form, Paul L. Knight; Appearance of Counsel Form, Gary C Adler; and a Disclosure of Corporate Affiliations for each Appellee* were served upon the following counsel of record via first class mail, postage prepaid:

>Rex S. Gordon, Esq.
>Phillip M. Pickus, Esq.
>Stephanie Lane-Weber, Esq.
>Assistant Attorneys General
>Correctional Litigation Division
>Office of the Attorney General
>200 St. Paul Place, 19th Floor
>Baltimore, MD  21202

Paul L. Knight